The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion on whether the county judge of White County can legally appoint a Board of Directors of the County Aging Program, or whether the names of the Board of Directors should have been placed before the electorate.
Specifically, you have attached a letter from a constituent which indicates that the county judge of White County in May or June appointed a five member board to administer the County Aging Program. One member was forced to resign because of a conflict of interest. The remaining four members then elected two members from resumes received in response to a public notice placed in the newspapers. Additionally, your constituent notes that each of the five Area Aging Centers elected a representative to an advisory council, the president being a voting member of the Board of Directors of the County Aging Program. Your constituent holds this position. Your constituent notes that several people have pointed out to her that the new Board is "not legal", and the question posed in her letter is whether the county judge could legally appoint a Board of Directors or whether the names of the members of the Board should have been placed before the electorate.
A county is vested with authority under A.C.A.14-14-802(b)(2)(E)(ii) to provide senior citizen services. We assume that the county judge appointed the initial five member board under the authority of A.C.A. 14-14-705(2). This statute gives the county judge the power to appoint five-member administrative boards which may exercise administrative powers granted by county ordinance. The statute, however, provides for appointments to be made by the county judge and confirmed by the quorum court. 14-14-705(2)(D). It appears that vacancies on the Board are to be filled by appointment by the county judge.14-14-705(3)(C) and (2)(D).
Thus, in response to the question posed, it appears that the county judge does have authority to appoint a five member Board of Directors to administer the County Aging Program; but these appointments must be confirmed by the quorum court. They need not, however, be approved by the electorate. Additionally, the number of board members is limited to five and vacancies are to be filled by the county judge. Thus, the two members "elected" by the board after reviewing resumes, if not appointed by the county judge and approved by the quorum court, have not been appointed according to law. Likewise, your constituent, who serves as President of the Advisory Council and as a voting member of the Board of Directors, does not serve lawfully unless appointed by the county judge and approved by the quorum court.
Please note that I have enclosed a copy of A.C.A. 14-14-705, which outlines procedures governing county administrative boards.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.